### DANIEL MALONE v. JAMES T. STEPHENSON.[1]

February 10, 1905.

Nos. 14,214—(78).

**Cross-Examination.**

> The extent to which a witness may be cross-examined as to matters not relevant to the issue, for the purpose of affecting his credibility, rests largely in the discretion of the trial court. This discretion, however, should not go so far as to sanction an attempt to discredit a witness by innuendo instead of competent evidence.

**Same.**

> Rule applied, and *held* that the trial court erred in overruling the objections of the defendant to certain questions asked on his cross-examination.

Appeal by defendant from an order of the district court for Jackson county, Quinn, J., denying a motion for a new trial. Reversed.

*W. S. Hammond, Albert R. Allen, and De Forrest Ward,* for appellant.

*Knox, Faber & Knox,* for respondent.

START, C. J.

The complaint herein alleged that the defendant on January 28, 1898, wrongfully and unlawfully caused a dwelling house of the plaintiff, of the value of $1,600, to be set on fire, whereby it was destroyed. The answer denied the allegations of the complaint, except that it admitted that the value of the house was $800. On the trial plaintiff introduced circumstantial evidence which, as he claims, tended strongly to establish the allegations of the complaint. The defendant, in his testimony, unqualifiedly denied that he had anything whatever to do with the burning of the house, and introduced evidence tending to establish an alibi. The jury returned a verdict for the plaintiff for the sum of $320. The defendant appealed from an order denying his motion for a new trial.

The assignments of error which it is necessary to consider raise the questions: Did the trial court err in refusing to direct a verdict for the

1 Reported in 102 N. W. 372.

defendant on the ground that the evidence was not sufficient to sustain a verdict for the plaintiff? Did the court err in overruling the defendant's objections to certain questions put to the defendant on cross-examination?

1. We have considered the record with reference to the first question, and have reached the conclusion that the evidence was sufficient to require the case to be submitted to the jury; hence the refusal of the court to direct a verdict for the defendant was correct. We do not discuss the evidence, as there must be a new trial of the cause for other reasons.

2. The defendant was a witness on his own behalf, and upon cross-examination he was asked, among others, the following questions:

1. "You spend a good deal of your time in the saloons, do you not?"

2. "During that time you became quite intimate with Mrs. Johnson. did you not?"

3. "Is it not a fact that you accompanied her to parties and dances, and otherwise conducted yourself so that you broke up that family?"

4. "Didn't that family separate while you were there?"

5. "Don't you know they did, Mr. Stephenson?"

6. "Don't you know they did?"

7. "What became of that woman?"

8. "Didn't she and Johnson separate by reason of your conduct with reference to her?"

9. "You heard a good deal of talk about it, didn't you?"

10. "How long did you continue to live with your second wife?"

11. "Did she get a divorce from you?"

12. "Now, not long before this fire, you inflicted quite serious injuries upon that woman, didn't you, so that she required medical treatment?"

13. "Is it not true that she required the attendance of a physician to attend to injuries which she received in difficulty with you?"

14. "She did in fact go to a physician on account of injuries which she claimed you had inflicted?"

15. "You do drink a good deal?"

16. "Weren't you kept in jail in Illinois once?"

We have numbered the questions for purposes of reference only.

Questions Nos. 5, 7, 10, and 12 were severally objected to as incompetent, irrelevant, immaterial, and not proper cross-examination. The

several objections were overruled, and the questions answered. These rulings of the trial court are assigned as error. The questions were not relevant to any issue in the case, and the only ground upon which they can be sustained is that they were within the limits of a reasonable cross-examination, for the purpose of affecting the credibility of the witness. The extent to which a witness may be cross-examined as to matters not relevant to the issue for the purpose of affecting his credibility rests largely in the discretion of the trial court. Gardner v. Kellogg, 23 Minn. 463; Alward v. Oakes, 63 Minn. 190, 65 N. W. 270. The discretion, however, should not go so far as to sanction an attempt to discredit a witness by innuendo instead of competent evidence.

Were the questions objected to within the limits of a reasonable cross-examination? We are of the opinion that they were not. The questions as to the defendant's personal habits, as to his relations with his neighbor's wife, as to his domestic relations, as to whether he beat his wife, or as to whether she got a divorce from him, were so numerous, so aggressive, so irrelevant, and so remotely affected his credibility, that manifestly the trial court erred in overruling his objections to the questions. True it is, as suggested by plaintiff's counsel, that only a part of the questions we have quoted were objected to. It is, however, necessary to consider the questions specifically objected to in connection with those preceding and following them, in order to understand them, as the jury, who heard all the questions, must have understood them.

Again, the defendant's counsel properly objected on four separate occasions to the course of the cross-examination. He was not bound to continue his objections, for further persistency, in view of the rulings of the court, could serve no other purpose except to emphasize the prejudicial effect of the questions.

Order reversed and new trial granted.