## Quattro v. Commonwealth.

(Decided February 10, 1925.)

### Appeal from Pike Circuit Court.

1. Criminal Law—Excluding Question Not Prejudicial, where Proof of Circumstance Already Complete.—Where prosecuting witness testified to purchase of whiskey from defendant on day before warrant was issued, and on appeal to circuit court testified to sale two days prior -thereto, excluding question whether witness changed his testimony because defendant could prove an alibi as to first day, if error, was not prejudicial, where proof of change was already complete.

2. Criminal Law—Excluding Question as to Witness' Change in Testimony Not Prejudicial, where Change Proven.—Exclusion of question whether prosecuting witness did not change his testimony between first and second trials as to amount of whiskey purchased from defendant was not prejudicial where such change was already proven.

3. Witnesses—Asking Witness to Alibi what he was Doing on Different Days Proper.—Asking witness to alibi for defendant what he (witness) was doing on different days was proper as method of testing his memory.

ROSCOE VANOVER for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

On this appeal from a judgment of conviction for the unlawful .sale of intoxicating liquor the only complaint is as to the ruling of the court upon the admission of evidence and the misconduct of counsel for the Commonwealth. The prosecution is based upon a warrant which was tried in the quarterly court and which was later appealed to the circuit court.

There was some change in the testimony of the prosecuting witness between the two trials. On the last trial he testified to a straight sale of a pop bottle full of whiskey on the 27th of June, two days before the warrant was issued, for which he paid $1.00.

On the first trial he testified that the sale was made the day before the warrant was issued. He was asked about this on the last trial and admitted the former state-

ment; his former testimony on this point was also proven by a number of witnesses. This witness was also asked if he had not learned that appellant could prove an *alibi* as to his whereabouts on the day before the warrant was issued and for that reason changed his testimony. Objection to this question was sustained and it is strenuously argued that this was error. The proof as to the change in his testimony on this point was complete and we do not think defendant was prejudiced by the action of the court in this respect. Defendant was also asked if he did not make a different statement as to the amount of whiskey he purchased when testifying as a witness on the former trial. An objection was sustained to this question, the reason not appearing, but this was proven as substantive evidence by a number of witnesses and we cannot see how defendant was prejudiced thereby.

A witness for defendant had testified that defendant was at work at a different place on the day before the warrant was issued. The Commonwealth's attorney asked this witness as to what he (witness) was doing on different days. This was but a method of testing his memory and we see nothing improper therein.

Two other questions of the Commonwealth's attorney are subjected to criticism. Objection was made to only one of these and it was sustained by the court. In addition to the evidence given by plaintiff the reputation of defendant in reference to the charge of selling liquor is shown to be bad. The evidence was sufficient to sustain the verdict, and we cannot say that any of the matters pointed out were prejudicial to his substantial rights, even if erroneous at all.

Wherefore, judgment is affirmed.