# STATE v. FRANK MICHAEL ELLI.

125 N. W. (2d) 738.

January 10, 1964—No. 38,003.

*John S. Connolly,* for appellant.

*Walter F. Mondale,* Attorney General, *William B. Randall,* County Attorney, and *John P. Frank,* Assistant County Attorney, for respondent.

SHERAN, JUSTICE.

Appeal from district court judgment of conviction.

Defendant, under indictment for first-degree robbery, was represented by the public defender of Ramsey County. The jury found him guilty. He waived presentence investigation and admitted the truth of

an information charging two prior convictions. His motion for a new trial was denied. The district court then adjudged defendant to be guilty as charged and to have been previously convicted of first-degree robbery in California and second-degree burglary in the State of Washington, both crimes being felonies under the laws of the respective states and of Minnesota. His punishment was a sentence of imprisonment in the State Prison at Stillwater "according to law."

Upon this appeal defendant contends that he was denied a fair trial, and that his constitutional rights, state and Federal, were invaded for the following reasons:

(1) A police officer called as a witness by the state in the course of testimony relating to an alleged oral confession of the robbery for which defendant was being tried stated that defendant then acknowledged that he had robbed the same place of business previously. The robbery for which he was indicted occurred April 27, 1959; the prior robbery on January 14 of the same year.

(2) The prosecution, in cross-examining one of two alibi witnesses presented by defendant, asked whether it was not true that she had appeared as an alibi witness for another defendant in criminal proceedings conducted in the same courtroom some 2 months before.

(3) The trial court failed to sequester the witnesses called to establish the identity of defendant as the person who committed the April robbery.

On April 27, 1959, at approximately 7 p. m., a man whose identity was concealed by a mask covering the lower part of his face entered the Nickel Joint Tavern at Blair and Mackubin Streets in St. Paul, and at gunpoint compelled the person in charge, Carl Wegscheider, to turn over to him the contents of the cash register, said to have been approximately $750.

A number of persons present at the time the robbery was committed were called as witnesses by the state in an attempt to identify defendant as the person who committed the crime. One of them, John Freitag, a patron, observed the robbery and saw the masked bandit leave the premises through the rear door. Freitag followed him to the alley where he had a brief and limited opportunity to observe the hold-

up man without his mask. That same night he identified a picture of the defendant in the files of the St. Paul Police Department as being a picture of the person he had seen. At the time of trial, Freitag testified that defendant, then present in the courtroom, was the person whom he had observed committing the robbery.

Ralph G. Merrill, detective lieutenant with the St. Paul Police Department, testified that on April 28, 1959, at about 3 p. m., he had a conversation with the defendant at the county jail, during the course of which defendant admitted that he had "stuck up the Nickel Joint." All witnesses agreed that during the course of the robbery at least one shot had been fired by the robber. The bartender, Wegscheider, was hit by a bullet which apparently ricocheted from the floor. Merrill testified that defendant, when questioned on April 28, said in this regard: "If the bartender got shot I can't understand it, because I pointed the gun at the floor when I shot it. * * * I fired it intentionally. I wanted to scare him." Officer Merrill then asked defendant if he had robbed the same place on January 14, and, according to Officer Merrill, defendant replied: "Yes, I did."

At a later point in the trial, Maurice O'Connor, a co-owner of the Nickel Joint Tavern, testified that the bar had been held up on January 14, 1959, by a robber who entered through the back entrance; wore a white mask; and was equipped with a blue steel revolver. It is undisputed that the robbery of April 27, 1959, was committed by a person who entered the bar in the same way and was similarly masked and armed.

Defendant testified in his own behalf and denied that he had committed the robbery or made the admissions recited by Officer Merrill. He claimed by way of alibi that at the time the robbery occurred he was in the company of Lois Hale and Lois Frankfurth at the former's apartment located some distance from the site of the robbery. Both women appeared as witnesses in behalf of defendant and corroborated his claim that he was with them. During the course of the cross-examination of Lois Hale, the prosecuting attorney asked her: "Lois, on April 3rd didn't you testify in this court room as an alibi witness for a man by the name of Donald Meyers?" The objection of defendant's

attorney to this question was overruled and the witness replied in the affirmative.

Defendant contends that a motion to sequester the witnesses was made at the inception of the trial and denied by the trial court. The synopsis of the proceedings made available to us does not disclose whether such a motion was made, but for the purposes of this review we will assume the fact to be as defendant claims.

The testimony linking defendant with the January 14 robbery corroborates the testimony identifying him as the guilty party on April 27, because the pattern of operation in the two cases was strikingly similar. This is sufficient grounds to admit it.

Evidence connecting defendant to other crimes is, as a rule, not admissible, principally because it tends to justify, to the jury, a finding of guilt irrespective of the present charge. State v. Gress, 250 Minn. 337, 84 N. W. (2d) 616. But it is generally understood that there are exceptions. State v. Wofford, 262 Minn. 112, 114 N. W. (2d) 267; Note, 37 Minn. L. Rev. 608. It is settled law in this state that evidence of a separate crime may be admitted if it has "a reasonably close relation in scheme and pattern and in time to the act charged * * *. The determination * * * is in the first instance * * * largely within the discretion of the trial court." State v. DePauw, 246 Minn. 91, 95, 74 N. W. (2d) 297, 300. The reason for the exception is that such facts are of particular relevance. If they tend to show defendant was involved in a plan or scheme, his guilt of a crime according to that scheme may well be inferred. State v. Bock, 229 Minn. 449, 39 N. W. (2d) 887; Annotation, 42 A. L. R. (2d) 869, 880. A leading California case, People v. Peete, 28 Cal. (2d) 306, 315, 169 P. (2d) 924, 930, declares that "whenever the case is such that proof of one crime tends to prove any fact material in the trial of another, such proof is admissible," notwithstanding its tendency to cause prejudice. A case closely in point held that evidence of an uncharged crime was properly admitted to show a common plan or scheme, the modus operandi in the uncharged crime being precisely the same as that employed in the charged crime. People v. Harmon, 117 Cal. App. (2d) 511, 256 P. (2d) 340. Lack of a conviction for the first crime does

not affect this rule. State v. Bock, *supra*; Annotation, 42 A. L. R. (2d) 884.

The fact that the testimony of the witness Maurice O'Connor was not received until after Officer Merrill had recited the oral admissions does not create prejudicial error. The order of proof is discretionary with the trial court. State, by Lord, v. Casey, 263 Minn. 47, 115 N. W. (2d) 749.

■ The cross-examination of Lois Hale did not constitute prejudicial error. Courts have discretion as to the extent to which they will permit collateral questions which can shed light on a witness' credibility, bias, and interest. State v. Elijah, 206 Minn. 619, 289 N. W. 575. What cannot be allowed is creation of a prejudicial impression by mere innuendoes. There is danger that inquiry into remote matters may confuse and mislead the jury into discrediting a witness on grounds merely insinuated. State v. Pavlovich, 245 Minn. 78, 71 N. W. (2d) 173; State v. Gress, *supra*; 20 Dunnell, Dig. (3 ed.) § 10348. The state may not allude to inadmissible evidence to lead the jury to a belief prejudicial to defendant. See, Malone v. Stephenson, 94 Minn. 222, 102 N. W. 372. This court does not closely weigh the effects of such prejudice on the jury, where it is found to have been substantial in nature, for the question of a fair trial has been put in doubt. State v. Flowers, 262 Minn. 164, 114 N. W. (2d) 78. It is defendant's right that the case against him be put fairly. Merely by asking such questions, the public prosecutor may irretrievably taint his case. State v. Silvers, 230 Minn. 12, 40 N. W. (2d) 630; State v. Nelson, 148 Minn. 285, 181 N. W. 850.

In this instance the state has to some degree insinuated a fact it did not intend to prove—that the witness was a practiced "alibi witness" for defendants in criminal trials. This reflects directly upon the witness and indirectly on defendant, who proffered the witness. We recognize the matter therefore as a potentially serious one. But we conclude that in fact it had no material significance in this case. The question was asked but once. It is directed against the witness' credibility, not defendant's. Most importantly, it produced no serious reason for the jury to reject the witness since it referred to but one prior

appearance as an alibi witness. There was no intimation that she was a "professional" witness, or that her testimony was false or unreliable merely because of the prior appearance.[1]

■ Defendant argues that exclusion, or sequestration, of witnesses from the courtroom is, upon request, a matter of right. Wigmore, indeed, has argued that to deny use of so simple, effective, and useful a weapon in seeking truth can scarcely be justified; but most jurisdictions leave this to the trial judge's discretion. 6 Wigmore, Evidence (3 ed.) § 1839; Williamson v. United States (9 Cir.) 310 F. (2d) 192. That has been the rule in Minnesota. State v. Quirk, 101 Minn. 334, 112 N. W. 409; State v. Garden, 267 Minn. 97, 125 N. W. (2d) 591.

We are satisfied that the evidence supports the verdict of the jury. We do not feel that defendant has established the occurrence of prejudicial error requiring reversal of the order of the trial court denying a new trial. See, State v. Perra, 266 Minn. 545, 125 N. W. (2d) 44.

Affirmed.

---

[1]For cases involving cross-examination of alibi witnesses, see Quattro v. Commonwealth, 207 Ky. 266, 268 S. W. 1105; Commonwealth v. Cramer, 168 Pa. Super. 1, 76 A. (2d) 661; People v. Lind, 370 Ill. 131, 18 N. E. (2d) 189; People v. Franklin, 194 Cal. App. (2d) 23, 14 Cal. Rptr. 375, certiorari denied sub nom. Franklin v. California, 369 U. S. 806, 82 S. Ct. 648, 7 L. ed. (2d) 553; Fenner v. Commonwealth, 152 Va. 1014, 148 S. E. 821.