No. 30,175.

THE STATE OF KANSAS, *Appellee*, v. T. C. CATON, *Appellant*.

(4 P. 2d 677.)

Opinion filed November 7, 1931.

*Tom Harley* and *Tom Harley, Jr.*, both of Wichita, for the appellant.

*Roland Boynton*, attorney-general, *R. O. Mason*, assistant attorney-general, *G. Nyquist*, county attorney, and *James L. Galle*, of McPherson, for the appellee.

The opinion of the court was delivered by

SLOAN, J.: The defendant was charged and convicted of robbing the Peoples State Bank of McPherson. He appeals.

On March 6, 1930, at about 12:45 p. m., three men entered the Peoples State Bank of McPherson, drew guns on the cashier and directed him to get down on the floor and to leave the bell alone. They took from the bank $5,000 in municipal bonds and $3,878.58 in cash. The cashier stated that he was reasonably sure that the appellant was one of the men. Another witness testified that one of the men who came out of the bank was about the same size as the appellant—was heavy set, wore a black leather jacket and had on glasses. On the afternoon of the same day the sheriff of Sumner county, searching for stolen property on the Mueller farm near Wellington, attempted to enter the hay loft in the barn and was met by two men with guns. They escaped and the money stolen

from the bank was found in the barn. He testified: "I am reasonably certain that the appellant was one of the men." The sheriff of McPherson county testified that the appellant was arrested in Kansas City and came to McPherson voluntarily, and was placed in jail. At the request of the appellant, he took him to Wichita to see his wife, who was sick. On this trip he told the sheriff that he had fully made up his mind to plead guilty. He refused, however, to implicate anyone else.

Evidence was adduced to the effect that on the 25th day of April, 1930, about 9 o'clock a. m., two masked men entered and robbed the First National Bank in Tonkawa, Okla. They required all of the employees to lie down on the floor and directed the assistant cashier to open the safe and get the money, bonds and jewelry. The appellant was identified by three witnesses as one of the robbers. Timely objection was made to the introduction of this testimony.

It is first contended by the appellant that the court erred in refusing to grant a continuance. The case was set for trial for December 8, 1930, and on that date the appellant filed a motion asking for a continuance, alleging that C. W. Neal, of Oklahoma City, if present, would testify that on the 6th of March, 1930, being the date it is alleged the crime was committed, the appellant was in a drug store in Oklahoma City and paid an account of $25. It was further stated in the application for continuance that notice was served to take the deposition of the witness on Thursday, December 4, 1930, and the notice was sent to an attorney in Oklahoma City, with instructions to take the deposition. The attorney failed to take the deposition and the appellant and his attorneys state that they were not advised of such failure until the morning of the trial, when they found the deposition was not on file with the clerk of the court.

The granting of a continuance is ordinarily in the discretion of the trial court. (*State v. Van Wormer*, 103 Kan. 309, 173 Pac. 1076.) An application for a continuance on account of an absent witness must show due diligence to obtain the testimony. (*State v. Callison*, 119 Kan. 532, 240 Pac. 850.) The importance of the testimony set out in the motion was certainly appreciated by the appellant and his attorneys, and the whereabouts of the witness was well known. The intrusting of the taking of the deposition to an attorney in another state and making no inquiry for a period of four days as to what had been done about the deposition, under the circumstances of this case, does not show diligence. We do not

think there was any abuse of discretion in overruling the motion for a new trial.

It is further contended by the appellant that the court erred in permitting the county attorney, the morning the trial began, to indorse on the information the names of six witnesses, stating that he expected to prove by these witnesses the commission of a similar offense. It appears that the county attorney knew for some time prior to the trial that these witnesses would be used, but neglected to indorse their names on the information when it was filed, or to notify the appellant's attorney of his intention to make application to indorse their names on the information. The withholding of the names of witnesses from the information is not in accordance with the views heretofore expressed by this court. (*State v. Logue*, 115 Kan. 391, 223 Pac. 482.) The record does not show, however, that any objection was made by the appellant to the indorsement of the names on the information at the time the request was made, and the question was not raised until the witnesses were placed on the stand in the trial of the case. At that time the appellant asked for a continuance of the case. The objection was too late and there was no abuse of discretion in overruling the application for a continuance.

It is urged on the part of the appellant that the court erred in permitting the testimony concerning the robbery of the First National Bank of Tonkawa, Okla. This bank was robbed on April 25, 1930, fifty days after the robbery with which the appellant was charged. It is urged that there is no connection between the two crimes and that the rule against the admissibility of evidence of other similar but independent offenses should be enforced. This question has frequently been before this court and was last considered in the case of *State v. Frizell*, 132 Kan. 261, 295 Pac. 658. In that case the defendant was charged with robbing a bank in Sumner county on the 6th of January, 1930, and evidence was introduced by the state in chief concerning the defendant's being one of two men who robbed a bank in Bourbon county on December 23, 1929. The rule and exceptions thereto were well considered in that case and the previous holding of this court fully discussed, and it was held that when the principal question involved in the case is the identity of the person, that evidence of another and similar offense is admissible under proper instructions as to the limited purpose for which it may be considered by the jury. The only

difference between that case and the case under consideration is that the crime testified about in the Frizell case occurred before the offense with which the defendant was charged, and in this case it occurred afterward. This court has repeatedly held that if the evidence is otherwise admissible it is of no consequence whether the similar offense occurred prior or subsequent to the offense with which the defendant is charged. The time of the similar offense and its relation to the offense charged goes only to the weight of the evidence. (*State v. King,* 111 Kan. 140, 206 Pac. 883; *State v. Wahl,* 118 Kan. 771, 236 Pac. 652.)

The instructions were not brought to this court and we must assume that the jury was properly instructed and the appellant's rights fully protected by the court in permitting the introduction of the testimony.

The judgment is affirmed.