323 P.2d 710

**STATE of Utah, Plaintiff and Respondent,**

**v.**

**Edward E. McHENRY, Defendant and Appellant.**

No. 8756.

Supreme Court of Utah.

April 7, 1958.

William S. Richards, Salt Lake City, for appellant.

E. R. Callister, Jr., Atty. Gen., Gary L. Theurer, Asst. Atty. Gen., for respondent.

McDONOUGH, Chief Justice.

Defendant was convicted of the crime of robbery and prosecutes this appeal from the judgment entered on the verdict. He was found to have robbed Wallace E. Naylor, General Manager of a Safeway, retail grocery store, located at 4th East and 17th South in Salt Lake City, in the victim's store on the morning of February 16, 1957. There were two assailants who lay in wait for Mr. Naylor after gaining entry through a hole cut in the roof of the store. Eight dollars were taken from Mr. Naylor at gun point and he was then forced to attempt to open the business safe. The police arrived during this attempt and the two men fled. Appellant was apprehended while fleeing the scene. Mr. Naylor subsequently identified appellant in a police line-up.

Appeal is made on the ground that the lower court erred in admitting the below outlined evidence over appellant's objection.

During trial testimony was given by Mr. Naylor and by another employee, Mr. Nickel, relating to a prior robbery of the same store some five days earlier on the 11th of February, 1957. Both witnesses had an opportunity to see and hear the men who committed this prior robbery. It was as a result of this earlier observation that

Mr. Naylor said he was able to make a positive identification of appellant. It was stated inter alia that appellant was recognized, despite partial masking of his face, by a blood spot in the corner of his right eye and by the sound of his voice. Mr. Nickel, although not present during the second robbery, testified in support of Mr. Naylor's identification, based on the first robbery. Appellant was also picked from the line-up by Mr. Nickel as one of the men who committed the first robbery.

There was testimony by a police officer concerning the discovery of an automobile near the scene, which bore temporary license permits on its windshield, and that appellant's name was listed on the permit as owner of the car.

There was also testimony by the police of an oral statement made to them by appellant in which he admitted his participation in both robberies.

■ The admission of the testimony concerning the prior robbery is charged as error under the general rule that such evidence is not admissible, and it is contended that the exception which admits such evidence to more clearly establish identity, is not applicable since appellant was fully identified by other evidence. It is true evidence of a prior crime is as a general

rule not admissible in the prosecution of an accused for a charged offense.[1] An exception to this rule exists in instances when such evidence tends to aid in the identification of the defendant presently charged.[2] The caveat is made, however, that if identity can be clearly shown without such evidence it should not be admitted as its only effect would then be to prejudice the jury, inferring present guilt from past unrelated activity.[3] In the instant case there was some evidence bearing on the identification of appellant as the guilty party, but the challenged testimony had a direct and illuminating effect on the question. The testimony of the prior crime provided an explanation of Mr. Naylor's prompt identification of the appellant. Having seen and heard the man on two occasions he was better able to make a positive statement as to appellant's identity. The testimony of Mr. Nickel was admitted in support of Mr. Naylor, further outlining the basis for the recognition. Furthermore, Mr. Naylor testified that upon being accosted in the store by the two armed men, one of them said, "We want all of the money this time. The last time you lied to us." The question of identity was vigorously challenged by appellant at trial. In the face of such an attack the additional evidence which buttressed the iden-

1. 20 Am.Jur. 292, 293.
2. State v. Martin, 49 Utah 346, 164 P. 500.
3. Warren v. State, 178 Tenn. 157, 156 S.W.2d 416.

292

tification was properly admitted. The rights of appellant in this respect were protected by the lower court's instruction in which the jury was admonished they could only consider the testimony of the prior crime in determining the manner of the identification of the appellant.

█ The admission of testimony as to the contents of the automobile permit which listed appellant as owner is cited as error in that such testimony was hearsay and should have been excluded. Assuming without deciding, the correctness of this contention, nevertheless the admission was not prejudicial to appellant. There was other evidence, properly admitted, which established the ownership of the automobile in question. Appellant's brother testifying in appellant's behalf, stated that he was with appellant on the morning of the crime when appellant parked his car in the place it was found by the police. This witness had admitted his own participation in the robbery. In view of this the admission of the claimed hearsay evidence could not have had any detrimental effect upon appellant that had not been achieved by the testimony of his brother.

█ Appellant lastly maintains error was committed by the court below when testimony of his oral statement to the police was admitted. The alleged error stems from appellant's claim that the statement was a product of compulsion and was there-fore not proper evidence. Whether the admissions of appellant, that he had committed the crime, were in fact made in the absence of free will is a question of fact to be determined at trial. No objection was made to the question propounded to the officer on the ground that the answers given to him by the accused were elicited under improper inducement. There was timely warning given to appellant by the officer as to his rights and the possible effect of any statements he might make. The record does not disclose that the questioned testimony was erroneously received.

We find no grounds for upsetting the judgment of the trial court. The judgment is therefore affirmed.

HENRIOD, J., concurs.

WADE and WORTHEN, JJ., concur in the result.

CROCKETT, Justice (concurring).

I concur but observe: The permit found on the automobile issued to the defendant is closely analogous to the license plate number; or to the certificate of registration. It presumably was issued in accordance with law and by proper authority. I am inclined to think its guarantees of trustworthiness are such that there was no error in admitting the testimony. I also agree, however, that it is not necessary to square-

ly deal with the problem because the defendant's brother, called as a witness for the defense, testified that the defendant drove the car and parked it near the scene of crime where it was found by the police.