# STATE v. ROBERT G. BILLSTROM.

149 N. W. (2d) 281.

March 10, 1967—No. 39,976.

*Howard G. Stacker* and *R. William Reilly*, for appellant.

*Robert W. Mattson*, Attorney General, *Gerard Snell*, Solicitor General, *William B. Randall*, County Attorney, and *Mentor C. Addicks, Jr.*, Assistant County Attorney, for respondent.

OTIS, JUSTICE.

Defendant appeals from a conviction for robbery and asserts that the court erred (1) in receiving evidence that defendant committed two other robberies; (2) in permitting a police officer to testify to matters which he discovered through an illegal search and seizure; (3) in denying defendant the right to counsel at the accusatory stage; (4) in receiving tangible evidence which was the product of an illegal search and seizure; (5) in denying defendant's right against self-incrimination; (6) in failing to require the state to give notice of its intention to show defendant's participation in other crimes; and (7) in failing to require that such crimes be included in the original information. We have considered all of these assignments and conclude that only two of them warrant discussion.

■ The information under which defendant was convicted charges him with having robbed one Raymond Samec on September 15, 1964, by use of a dangerous weapon in violation of Minn. St. 609.245.[1] The victim testified that at midnight on September 14, 1964, he was closing his grocery store at 764 West Seventh Street in the city of St. Paul when two men approached and tried the front door. Samec then went from the

---

[1] Minn. St. 609.245 provides: "Whoever, while committing a robbery, is armed with a dangerous weapon or inflicts bodily harm upon another is guilty of aggravated robbery and may be sentenced to imprisonment for not more than 20 years or to payment of a fine of not more than $20,000, or both."

store to a bar at 733 West Seventh Street, which he also owned. At about 12:40 a.m. the two men he had previously seen entered. One of them left a little before 1 o'clock. His companion, whom Samec identified as the defendant, drew a gun and ordered Samec to hand over the contents of the till, amounting to some $400. Samec complied and defendant thereupon left. A bartender identified defendant as one of the two men who had come into the bar shortly before closing time but the bartender was not present when the robbery occurred.

Over objection, an employee of a dairy store at 257 Arundel Street testified that on the evening of September 24, 1964, a person whom she identified as defendant appeared in the store and at gunpoint robbed her of the contents of the cash register. Although he was not present at the robbery, another witness testified that he was able to identify defendant as being in the store shortly before the robbery.

One Harry Flitter was permitted to testify over objection that a person whom he identified as defendant appeared in his grocery store, Harry's Kwik Shop at 939 Conway, on the evening of September 26, 1964, and at gunpoint demanded that he empty the cash register. Two customers were present in the store, witnessed the attempted holdup, and identified defendant. The robbery was frustrated by the appearance of a third customer.

Two witnesses on defendant's behalf testified to facts which if believed by the jury would conclusively establish an alibi to his participation in the offense charged.

The trial court received the evidence of the other robberies on the authority of State v. Elli, 267 Minn. 185, 125 N. W. (2d) 738, which permitted such testimony to be introduced where the crime charged and another offense showed a common plan or scheme. The appellate briefs are devoted largely to a recitation of evidence directed at the question of whether or not the case comes within the Elli rule. However, we do not find it necessary to discuss these conflicting claims since we are of the opinion that apart from the Elli rule the evidence was admissible to establish identity.

In a number of recent decisions we have exhaustively discussed the almost universal principle that evidence of other unrelated crimes may

not be introduced against an accused unless it comes under one of the recognized exceptions. State v. Elli, *supra*; State v. Spreigl, 272 Minn. 488, 139 N. W. (2d) 167; State v. Sorg, 275 Minn. 1, 144 N. W. (2d) 783. Identity is one of them. In State v. Sorenson, 270 Minn. 186, 202, 134 N. W. (2d) 115, 126, we said:

"* * * It is the rule that where the identity of the accused is not definitely connected with the offense for which he is on trial, evidence of other offenses may be introduced to connect and identify him with that one, and where the sole issue in a case is the identity of defendant, the evidence on that issue may be properly permitted to take a wide range to the extent that, in a measure, the rigid rules of evidence will be relaxed."

Again, in State v. Sutton, 272 Minn. 399, 402, 138 N. W. (2d) 46, 47, we stated:

"* * * Evidence of other crimes closely connected in point of time and manner of commission is also admissible to establish identity."

In sustaining the verdict we again caution against convicting a defendant for crimes with which he is not charged. However, the exception to which we have alluded is so well settled that subject to the safeguards which are here discussed we hold it was not error to receive evidence of the other offenses.

With respect to the case at hand, the only issue litigated was the identity of the robber who held up Raymond Samec at 733 West Seventh Street in the early morning of September 15, 1964. Although defendant did not himself take the stand, his entire defense was directed at that question. His witnesses attempted to establish an alibi and in his closing argument his counsel focused primarily on the contention that defendant was not the person who held the gun on Raymond Samec. It therefore became pertinent to show that on two other occasions within 11 days of the robbery and within an area of about 2 miles, defendant was identified by at least five other persons as either committing other robberies or being present at the time they occurred. Where identity is a crucial issue [2] and

---

[2] Caruthers v. State (Tenn.) 406 S. W. (2d) 159, 161; State v. Stephenson, 191 Kan. 424, 430, 381 P. (2d) 335, 340; People v. Ellis, 26 Ill. (2d)

an alibi is strongly relied on by the defense,[3] the state has a right to fortify its position with evidence that the crime committed by defendant was a part of a series of similar, related offenses. Such testimony was therefore admissible.

■ As an additional safeguard in the trial of future cases, but without retroactive application in so far as the rules are new, the following procedures shall be followed:

(a) Evidence of other crimes may not be received unless there has been notice as required by State v. Spreigl, 272 Minn. 488, 496, 139 N. W. (2d) 167, 173. (Applicable to all cases tried after December 17, 1965.)

(b) At the time the evidence is offered, the prosecutor shall specify the exception to the general exclusionary rule under which it is admissible.[4]

(c) If evidence of other crimes is received for purposes of identity rather than to show a common scheme or plan, there must nevertheless be some relationship in time, location, or modus operandi between the crime charged and the other offenses.

(d) Evidence of other crimes is admissible only if the trial court finds the direct or circumstantial evidence of defendant's identity is otherwise weak or inadequate, and that it is necessary to support the state's burden

---

331, 334, 186 N. E. (2d) 269, 271; People v. McCarty, 164 Cal. App. (2d) 322, 325, 330 P. (2d) 484, 486; Smith v. United States (9 Cir.) 173 F. (2d) 181, 185; State v. Caton, 134 Kan. 128, 130, 4 P. (2d) 677, 678; State v. Hawley (Mo.) 51 S. W. (2d) 77, 78; People v. Davis, 14 Ill. (2d) 196, 200, 151 N. E. (2d) 308, 310; People v. Mandrell, 306 Ill. 413, 419, 138 N. E. 215, 217; Whiteman v. State, 119 Ohio St. 285, 293, 164 N. E. 51, 53, 63 A. L. R. 595, 600; People v. Adamson, 225 Cal. App. (2d) 74, 77, 36 Cal. Rptr. 894, 896; State v. McHenry, 7 Utah (2d) 289, 291, 323 P. (2d) 710, 711; 1 Wharton, Criminal Evidence (12 ed.) § 235.

[3] Caruthers v. State (Tenn.) 406 S. W. (2d) 159, 161; State v. Stephenson, 191 Kan. 424, 430, 381 P. (2d) 335, 340; People v. Ellis, 26 Ill. (2d) 331, 333, 186 N. E. (2d) 269, 270; People v. McCarty, 164 Cal. App. (2d) 322, 325, 330 P. (2d) 484, 486; State v. Hawley (Mo.) 51 S. W. (2d) 77, 78; People v. Adamson, 225 Cal. App. (2d) 74, 77, 36 Cal. Rptr. 894, 896.

[4] Stanmore v. People, 146 Colo. 445, 450, 362 P. (2d) 1042, 1044.

of proof.[5] It should be excluded where it is merely cumulative and a subterfuge for impugning defendant's character or for indicating to the jury that he is a proper candidate for punishment.

(e) The evidence of defendant's participation in other crimes need not be proved beyond a reasonable doubt but must be clear and convincing.[6]

(f) Both at the time the evidence is received and in the final charge, the court should admonish the jury that the testimony is received for the limited purpose of establishing identity.[7] It is the court's duty to advise the jury in unequivocal language that defendant is not being tried and may not be convicted for any offense except that charged, warning them that to convict for other offenses may result in unjust double punishment.

■ In State v. Spreigl, 272 Minn. 488, 496, 139 N. W. (2d) 167, 173, the requirement for notice was made applicable "in the trial of this and future criminal cases." Defendant argues that the quoted language means that notice was required in all cases tried subsequent to the original Spreigl prosecution, including defendant's trial. In adopting the notice rule, it was our intention that it be applied only to the *retrial* of the Spreigl case and to all other trials conducted from and after the date of the opinion in that case but not to prosecutions conducted prior thereto.

Affirmed.

MURPHY, JUSTICE (concurring specially).

I concur in the result.

MR. JUSTICE PETERSON, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.

---

[5] State v. McHenry, 7 Utah (2d) 289, 291, 323 P. (2d) 710, 711; 1 Wharton, Criminal Evidence (12 ed.) § 235, note 5.

[6] Caruthers v. State (Tenn.) 406 S. W. (2d) 159, 161, 162; 1 Wharton, Criminal Evidence (12 ed.) § 247.

[7] State v. Stephenson, 191 Kan. 424, 430, 381 P. (2d) 335, 340; James v. State, 53 Ariz. 42, 48, 84 P. (2d) 1081, 1083; State v. Caton, 134 Kan. 128, 130, 4 P. (2d) 677, 678; Kanner v. United States (7 Cir.) 34 F. (2d) 863, 867; Whiteman v. State, 119 Ohio St. 285, 294 to 297, 164 N. E. 51, 53 to 54, 63 A. L. R. 595, 600 to 602; Stanmore v. People, 146 Colo. 445, 450, 362 P. (2d) 1042, 1044; State v. McHenry, 7 Utah (2d) 289, 291, 323 P. (2d) 710, 711.