STATE v. ROGER G. LaVALLA.

167 N. W. (2d) 36.

April 11, 1969—No. 41141.

*C. Paul Jones,* State Public Defender, and *Robert E. Oliphant,* Assistant State Public Defender, for appellant.

*Douglas M. Head,* Attorney General, *Richard H. Kyle,* Solicitor General, *William B. Randall,* County Attorney, and *Steven C. DeCoster* and *Thomas Poch,* Assistant County Attorneys, for respondent.

Heard before Knutson, C. J., and Otis, Rogosheske, Sheran, and Peterson, JJ.

ROGOSHESKE, JUSTICE.

Defendant was convicted after a jury trial of uttering a forged instrument in violation of Minn. St. 609.625, subds. 1(1) and 3. The sole issue raised on appeal is whether the evidence was sufficient to support a finding by the jury that defendant was the person who passed a forged $5 check.

On October 28, 1966, two men drove into Harry's Parkway DX service station in St. Paul in an automobile owned by defendant. One of the men got out of the car and entered the station while the driver remained in the car and purchased four quarts of oil with a forged $5 check. There is no dispute over the fact that the check was forged or that defendant was one of the men in the car when it entered the station. Defendant, however, contends that he was the one who went into the gas station and that it was his companion who, without his knowledge, passed the forged check.

We believe that the evidence amply justifies the jury's verdict of guilty. While the operator of the gasoline station, who took the check, observed defendant only three times—at the time of the crime, at the preliminary hearing, and at trial—, his identification of defendant as the man who passed the check appears to have been positive and unequivocal. We have held eyewitness identification testimony similar to that in

this case to be sufficient to sustain a jury's verdict of guilty. State v. Sutton, 272 Minn. 399, 138 N. W. (2d) 46.

This is not a single-suspect confrontation case like Biggers v. Tennessee, 390 U. S. 404, 88 S. Ct. 979, 19 L. ed. (2d) 1267, where identification of the defendant rested solely upon the recollection of a single witness who saw him only momentarily several months before the trial. The station operator's identification was corroborated by the positive identification of defendant by an attendant at another service station who had accepted a nearly identical forged check a few days previously,[1] and by circumstantial evidence which pointed to defendant as the one who had committed the offense charged rather than to his companion, who was called by defendant as a witness but who exercised his Fifth Amendment right not to give testimony.

Thus, defendant's argument, based upon Biggers v. Tennessee, *supra*, and Stovall v. Denno, 388 U. S. 293, 87 S. Ct. 1967, 18 L. ed. (2d) 1199, that the identification procedure followed amounted to no more than a "one-man lineup" and that due process required at least a pretrial multisuspect lineup, has no force. However, it prompts us to observe that we can find no justification for the prosecution's failure to employ such procedure in this type of case as a safeguard against mistaken identification.

While identification of defendant was the ultimate issue, the only disputed question of fact narrowed to whether defendant or his companion passed the forged check. Since the resolution of that question rested almost entirely upon the credibility of witnesses whose testimonial demeanor was observed only by the jury and the trial court, we are compelled to affirm.

Affirmed.

---

[1] Such evidence is admissible to establish identity if, as was done in this case, a proper cautionary instruction is given to the jury at the time the evidence comes in and again in final instructions to the jury. State v. Billstrom, 276 Minn. 174, 149 N. W. (2d) 281.