### STATE v. JERRY BERGLAND.

202 N. W. 2d 223.

November 3, 1972—No. 43276.

*C. Paul Jones*, State Public Defender, and *Doris O. Huspeni*, Assistant State Public Defender, for appellant.

*Warren Spannaus*, Attorney General, *Curtis D. Forslund*, Solicitor General, and *Robert F. Carolan*, Special Assistant Attorney General, for respondent.

Heard before Knutson, C. J., and Otis, Peterson, and Kelly, JJ.

PER CURIAM.

Defendant, convicted along with his brother of aggravated robbery, Minn. St. 609.245, contends on this appeal from the judgment of convic-

tion that the trial court committed prejudicial error (1) in permitting proof of an assault committed by defendant and his brother which connected and identified them with the offense for which they were tried; (2) in permitting a prosecution witness who had violated a sequestration order to testify; and (3) in granting the state's motion for a joint trial.

We find no merit in any of defendant's contentions: (1) The trial court properly permitted proof of the assault in accordance with the rules and procedures which we recited in State v. Billstrom, 276 Minn. 174, 149 N. W. 2d 281 (1967), the leading case dealing with the identity exception to the rule generally excluding proof of other crimes; (2) defendant has shown no prejudice from the trial court's permitting the prosecution witness who had violated the sequestration order to testify; and (3) since defendant in the presence of his counsel informed the court that he consented to a joint trial and his attorney subsequently stated he had no objection to a joint trial, this final issue cannot be raised on appeal.

Affirmed.