**Leonard GRIMMETT, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–77–305.**

Court of Criminal Appeals of Oklahoma.

Nov. 17, 1977.

John T. Elliott, Public Defender, John M. Stuart, Asst. Public Defender, for appellant.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Jerry Earl Benson, Legal Intern, for appellee.

## OPINION

BUSSEY, Presiding Judge:

At 8:15 p. m. on April 9, 1976, Leonard Grimmett and his brother Larnell Richard Grimmett, entered the T. G. & Y. store located at 1024 S.E. 44th, Oklahoma City, Oklahoma, passed the check-out stand operated by Ralph Gibson, Assistant Manager, proceeded to the men's department where Security Officer James Hall observed them remove shirts from the rack and alternately walk 15 feet to the corner of the building, and squat down and wrap the shirts around their legs. Officer Hall notified Ralph Gibson and as Leonard Grimmett passed through the check stand without paying, Hall followed him out of the store. Larnell Richard Grimmett left the store some 20 feet behind his brother and Officer Hall, without paying for the merchandise, and he was followed out of the store by Assistant Manager Gibson.

The two brothers were arrested by Officer Hall, and searched, and one shirt valued at $11.88 was removed from the leg of Leonard Grimmett and two shirts valued at $9.97 each were removed from the legs of Larnell Richard Grimmett. The two brothers were charged conjointly and together with the offense of Larceny of Merchandise from a Retailer, After Former Conviction of a Felony, in violation of 21 O.S.1971, § 1731. Both waived preliminary examination and when Larnell Richard Grimmett failed to appear for trial, Leonard Grimmett was tried separately and found guilty as charged. He was sentenced to four (4) years imprisonment and appeals.

■ On appeal he argues that the evidence was insufficient to support the verdict of the jury, in that the proof was insufficient to establish that he and his brother acted conjointly and together, and therefore the shirt which he stole did not exceed the value of $20.00. This assignment of error is patently frivolous.

The value of the three shirts exceeded $30.00, and the direct and circumstantial evidence clearly supports the jury's verdict that Leonard Grimmett acted conjointly and together with Larnell Richard Grimmett in the offense of Larceny of Merchandise From a Retailer with value of more than twenty-dollars, After Former Conviction of a Felony. Compare *Austin v. State*, Okl.Cr., 418 P.2d 103 (1966).

■ As his final assignment of error, he asserts that the trial court erred in failing to instruct the jury on circumstantial evidence although none was requested. He

**274**

relies on *Knight v. State*, 73 Okl.Cr. 107, 118 P.2d 255 (1941). We have carefully reviewed all the authorities, including *Knight*, and all other prior decisions of this Court bearing on this issue, beginning with *Newcomb v. State*, 23 Okl.Cr. 172, 213 P. 900 (1923), and *Klaber v. State*, 35 Okl.Cr. 238, 250 P. 142 (1926), and analysis of these cases discloses that there is no inconsistency in the differing holdings. The analysis reflects that: one, it is error for the trial court not to instruct the jury, even though no request is made, when all the evidence relied upon is circumstantial; two, when the evidence is both direct and circumstantial, it is not error to fail to give an instruction when none is requested; and three, the failure to give an instruction where all of the evidence is circumstantial and no request is made, is not reversible error unless the evidence against the defendant is inherently weak or improbable.

We find that the evidence was both direct and circumstantial and therefore, applying these standards, we find it was not error to fail to give an instruction on circumstantial evidence. However, had all the evidence been circumstantial it would not be so weak or improbable as to require a reversal for failure to instruct on circumstantial evidence.

For the above and foregoing reasons, we are of the opinion that the judgment and sentence appealed from should be, and the same is hereby *AFFIRMED*.

CORNISH and BRETT, JJ., concur.