STATE of Minnesota, Appellant,

v.

Colleen T. LYNARD, Respondent.

No. 51248.

Supreme Court of Minnesota.

June 17, 1980.

Warren Spannaus, Atty. Gen., Gary Hansen and Richard D. Hodsdon, Sp. Asst. Attys. Gen., St. Paul, John F. Corbey, County Atty., and David Twa, Asst. County Atty., Mankato, for appellant.

C. Paul Jones, Public Defender, and Robert Streitz, Asst. Public Defender, Minneapolis, James W. Brandt, St. Peter, for respondent.

SHERAN, Chief Justice.

This is a pretrial appeal by the state pursuant to R. 29.03, subd. 1, R.Crim.P., from an order of the district court denying a motion by the state to admit evidence of crimes subsequent to the crime charged in order to rebut the defense of entrapment. The trial court, concluding that only evidence of prior crimes, not subsequent crimes, may be admitted to rebut an entrapment defense, denied the motion. However, the court stated that it might consider admitting evidence of statements defendant made in connection with the subsequent criminal acts which bear on her predisposition to commit the crime charged provided the evidence did not refer to the subsequent acts.

We believe that "The principles governing extrinsic offense evidence are the same whether that offense occurs before or after the offense charged." *United States v. Beechum*, 582 F.2d 898, 903 n.1 (5th Cir. 1978) (en banc), *cert. denied*, 440 U.S. 920, 99 S.Ct. 1244, 59 L.Ed.2d 472 (1979). This means that evidence of other crimes, including subsequent ones, may be admitted for a proper purpose, including to rebut a claim of entrapment by showing predisposition to commit the crime charged, provided that the evidence that the defendant committed the other crime is clear and convincing, that the evidence is needed, that it is relevant, and that the potential of the evidence for unfair prejudice does not substantially outweigh the probative value of the evidence. *State v. Grilli*, 304 Minn. 80, 230 N.W.2d 445 (1975); *State v. Spreigl*,

272 Minn. 488, 139 N.W.2d 167 (1965); R. 404(b), R.Evid.; 2 J. Weinstein, *Evidence— United States Rules*, § 404[08] at 404–444 (Supp.1979); Annot., 61 A.L.R.3d 293, § 7(c) (1975). Generally, it is preferable for the court to defer finally exercising its discretion to admit predisposition evidence to rebut an entrapment defense until after the defense has put forward its case on entrapment. 2 D. Louisell and C. Mueller, *Federal Evidence*, § 140 at 132–133 (1978).

In this case the trial court concluded that only evidence of prior crimes, not subsequent ones, are admissible to rebut a defense of entrapment. The appropriate remedy, we believe, is to remand and allow the court to exercise its discretion in light of the principles expressed herein.

Remanded for reconsideration.