**Andre Lanier PEARSON, Appellant,**

v.

**The STATE of Oklahoma, Appellee,**

No. F–80–276.

Court of Criminal Appeals of Oklahoma.

July 21, 1981.

Rehearing Denied Aug. 31, 1981.

Gary Peterson, Deputy Appellate Public Defender, Norman, for appellant.

Jan Eric Cartwright, Atty. Gen., Larry Oakes, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

Appellant, Andre Lanier Pearson, was convicted of Grand Larceny in Nighttime from a Person, 21 O.S.1971, § 1708, After Former Conviction of a Felony, and was sentenced to ten (10) years' imprisonment, in Comanche County District Court, Case No. CRF–79–116. On appeal, he asserts four (4) assignments of error.

As his first assignment of error, appellant contends that the evidence was insufficient to support the verdict. A brief review of the State's evidence is in order.

At 10:00 p. m. on February 13, 1979, the complaining witness parked his taxi cab in front of the Union Bus Station in Lawton, Oklahoma. As he exited the vehicle, he patted his left coat pocket and so determined that he had his wallet with him. Inside the station, he walked to the food counter to place an order, but, before doing so, removed the wallet from the coat pocket, checked it and found that he had fifty-one dollars ($51.00) of his employer's money and two (2) or three (3) of his own. He then put it back into his left coat pocket, which had a small flap over it. As he waited for his food, he chatted with employees at the food counter, then with the agent at the ticket counter. While standing at the ticket counter, the appellant approached him, and, leaning close against his left side, asked for a light. When the complaining witness obliged, the appellant, who was still unusually close to the witness, asked for the time of day. The appellant then walked rapidly out of the building. The agent asked the witness if he had everything that belonged to him, whereupon the witness checked his pocket and discovered that the wallet was missing. The complaining witness thereupon attempted to pursue the appellant, but he could not find him. The wallet, less the money, was recovered several days later. The station was not crowded at the time of the incident.

No one other than the appellant had touched the complaining witness between the time the witness checked his wallet at the food counter and the time he discovered it missing at the ticket counter. However, neither the victim nor the ticket agent saw the appellant place his hand in the victim's pocket, although the waist-high ticket counter somewhat obstructed the agent's view.

■ Where there is evidence, although entirely circumstantial, from which defendant may reasonably and logically be found guilty, the weight, credibility and probative effect of such evidence is for the trier of fact, and the Court of Criminal Appeals will not disturb the verdict for insufficiency of the evidence. *Fain v. State*, 551 P.2d 1140 (Okl.Cr.1976). We are persuaded that sufficient evidence was adduced, though circumstantial, to support the verdict. This assignment of error is without merit.

■ As his second assignment of error, the appellant contends that the trial court erred in failing to give an instruction cautioning the jury on the use of circumstantial evidence, despite the absence of a defense request. The failure to give such an instruction in the absence of a request is not reversible error unless the circumstantial evidence is inherently weak or improbable. See *Grimmett v. State*, 572 P.2d 272 (Okl.Cr.1977). We cannot say that the State's case was so inherently weak or improbable as to alert the trial court, in the absence of a request, to the need for a cautionary instruction. This assignment of error is without merit.

■ Appellant complains, under his third assignment, of alleged errors involving other-crimes evidence. He first complains of the prosecutor's references to the appellant during closing argument in the first stage of the trial as a "known thief." The state had properly used the appellant's prior conviction for burglary in the second degree to impeach his credibility when he took the stand at trial, and the remark by the prosecutor was clearly directed at that issue. The trial court appears to have cured any error by sustaining an objection and cor-

recting the reference, noting that the accused was not a "known thief" under the evidence, but was an admitted convicted burglar. Moreover, the appellant failed to request an admonishment.

■ The appellant also contends that the prosecutor stated in closing argument that a delay in the arrest of accused could have been to protect one of the witnesses—the ticket agent—from the accused. The prosecutor suggested that the ticket agent was a valuable police informant whose life or value as an informant might be endangered if word got out that he reported on events at the bus station. This comment was not supported by evidence at trial. However, it appears from the record to have been directed at danger from the public at-large, rather than the appellant, and the defense counsel did not object in any form to the remark. The error was waived.

■ The appellant finally contends under this third assignment of error that, despite the absence of a defense request, the trial court erred in failing to give a cautionary jury instruction on the use of other-crimes evidence. Under a strict reading of *Burks v. State*, 594 P.2d 771 (Okl.Cr.1979), a case not cited by either party, it would appear that the trial court erred. However, under the evidence code, Laws 1978, ch. 285, § 106, now 12 O.S.Supp.1980, § 2106, the court's general duty to give limiting instructions is impliedly conditioned on a defense request. In addition, the evidence code bars the assertion on appeal of a claimed erroneous ruling which was not objected to, unless it was plain error affecting substantial rights of the accused, Laws 1978, ch. 285, § 104, now 12 O.S.Supp.1980, § 2104. The case relied on in *Burks v. State, supra,* and in *State v. Prieur,* La., 277 So.2d 126 (1973) (a case also cited in Burks), *State v. Billstrom,* 276 Minn. 174, 149 N.W.2d 281 (1967), has been interpreted to require a request or objection to invoke the court's cautionary instruction duty. See *State v. Forsman,* 260 N.W.2d 160 (Minn.1977). Each of the above militates against a rigid, strict application of *Burks.*

While this writer dissented in *Burks,* he shared the concern expressed therein over the improper use of other-crimes evidence, a problem area frequently encountered in the cases before this Court. However, a rule relieving the accused of any responsibility for seeing that the proper instruction is given, an instruction that is his for the asking under Section 2106, would not appear to promote proper use of the evidence so much as a certain gamesmanship on the accused's part.

In this case, the proper effect of only one other-crime is involved, the jury gave the appellant the minimum sentence possible, and counsel wholly failed to request an instruction, or object to any of the instructions given. The evidence was not such that the verdict was determined by an improper use of the prior conviction. This contention and the third assignment of error are without merit.

■ As his final assignment of error, the appellant contends that the court incorrectly instructed the jury during the second phase of the trial. He reasons that since the descriptive label of the information, the instruction on the elements of the offense in the first stage, and the completed verdict form refer to the charge as Grand Larceny, the jury should have been instructed during the second stage that the *maximum* punishment was ten (10) years, under Laws 1975, Ch. 64 § 1, now 21 O.S.Supp.1980, § 51(A)(2) and 21 O.S.1971 § 1705. Instead, the court instructed in the second stage that the *minimum* sentence was ten (10) years under 21 O.S.1971, § 1708 and Laws 1975, Ch. 64 § 1, now 21 O.S.Supp.1980, § 51(A)(1), the charge being Grand Larceny in Nighttime from Person. We note that the charging part of the information clearly made out a charge under Section 1708, and indeed that statute is specifically cited in the information, and the appellant failed to claim surprise or object in any manner. While we do not approve of such ambiguity in the information and instructions, we are of the opinion that the appellant was not prejudiced, and this fourth assignment of error is without merit.

Therefore, there appearing no error which would justify modification or rever-

sal, the judgment and sentence appealed from is affirmed.

BRETT, P. J., concurs in part and dissents in part.

CORNISH, J., dissents.

BRETT, Presiding Judge, concurring in part and dissenting in part:

I concur that this conviction should be affirmed, but I dissent to that portion of the opinion concerning the treatment of *Burks v. State, supra.*