*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-0913**

State of Minnesota,
Respondent,

vs.

Grant Leighton Johnson,
Appellant.

**Filed March 14, 2016
Affirmed
Reilly, Judge**

Wabasha County District Court
File No. 79-CR-14-670

Lori Swanson, Attorney General, James B. Early, Assistant Attorney General, St. Paul, Minnesota; and

Karen Kelly, Wabasha County Attorney, Wabasha, Minnesota (for respondent)

Cathryn Middlebrook, Chief Appellate Public Defender, Lydia Villalva Lijó, Assistant Public Defender, St. Paul, Minnesota (for appellant)

        Considered and decided by Connolly, Presiding Judge; Stauber, Judge; and Reilly, Judge.

**UNPUBLISHED OPINION**

**REILLY**, Judge

Appellant challenges his conviction of fifth-degree controlled substance crime, arguing that the district court abused its discretion by allowing the state to introduce evidence about past drug-related offenses to demonstrate intent. We affirm.

**FACTS**

In July 2014, a Wabasha County Sheriff's Deputy on routine patrol saw a vehicle swerve onto the shoulder and then cross the centerline of the roadway into oncoming traffic. The deputy initiated a traffic stop and identified appellant as the driver. The deputy smelled an odor of marijuana coming from inside the vehicle and appellant acknowledged that he had marijuana in the center console. The deputy searched the vehicle and found a clear plastic "sandwich-style Baggie with [a] green, leafy substance" that was later determined to be 16.295 grams of marijuana. The deputy found other baggies in the storage pocket on the back of the passenger seat containing "residue" of "[s]mall green, leafy substances" and smelling of marijuana. The deputy also found $740 cash in appellant's wallet. Based on his observations, the deputy took appellant into custody and the state charged appellant with one count of controlled substance crime in the fifth degree in violation of Minn. Stat. § 152.025, subd. 1(b)(1) (2014).

A jury trial was held and the state called the arresting-deputy as its sole witness during its case-in-chief. Following the deputy's testimony, the state sought to prove the element of intent or common scheme or plan by offering testimony from two Rochester police officers in relation to two previous drug offenses. The district court allowed the

testimony over appellant's objection and provided cautionary instructions to the jury. The first witness testified that in August 2008, he found 95.8 grams of marijuana in the center console of appellant's vehicle, prepackaged in sandwich baggies. The police officer also found $492 in cash on appellant's person, a scale, and clean and empty baggies. The second witness testified that in October 2011, he found 381.7 grams of marijuana in a crate on the front passenger seat of appellant's vehicle. The police officer also found a brown glass pipe, a scale, plastic baggies, $2,664 in cash, and three cell phones. Following this testimony, appellant stipulated to the two prior controlled substance crime convictions and waived his right to testify in his own defense.

The district court instructed the jury on fifth-degree controlled substance crime (possession with intent to sell) and the lesser-included charge of possession of a small amount of marijuana. The jury found appellant guilty of controlled substance crime in the fifth degree with intent to sell and guilty on the charge of possession of a small amount of marijuana and the district court imposed a stayed sentence. This appeal followed.

## D E C I S I O N

The issue presented on appeal is whether the district court abused its discretion by allowing the state to introduce evidence through two *Spreigl* witnesses concerning appellant's past drug-crimes and refer to that evidence during closing argument, in order to demonstrate appellant's intent to commit the charged offense.

As a general rule, evidence of past crimes or bad acts, known as *Spreigl* evidence, is not admissible to prove the character of a person or that the person acted in conformity with that character in committing an offense. Minn. R. Evid. 404(b) (2014); *State v.*

3

*Spreigl*, 272 Minn. 488, 490, 139 N.W.2d 167, 169 (1965). However, *Spreigl* evidence may be admitted for limited, specific purposes, to demonstrate factors such as "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Minn. R. Evid. 404(b). Admission of *Spreigl* evidence rests within the sound discretion of the district court and is reviewed under an abuse of discretion standard. *State v. Ness*, 707 N.W.2d 676, 685 (Minn. 2006). An appellant challenging the admission of *Spreigl* evidence bears the burden of showing error and any resulting prejudice. *State v. Clark*, 738 N.W.2d 316, 345 (Minn. 2007).

Prior to admitting *Spreigl* evidence, the district court performs a five-step analysis and considers whether: (1) the state gave notice of its intent to admit the evidence; (2) the state clearly indicated what the evidence would be offered to prove; (3) there is clear and convincing evidence that the defendant participated in the prior act; (4) the evidence is relevant and material to the state's case; and (5) the probative value of the evidence is not outweighed by its potential prejudice to the defendant. *Ness*, 707 N.W.2d at 685-86; Minn. R. Evid. 404(b). Here, the district court determined that each of the five elements was satisfied.

With respect to the first two elements, the state filed a *Spreigl* notice that it intended to call two witnesses to give *Spreigl* evidence. Following its case-in-chief, the state informed the district court that it intended to offer *Spreigl* evidence to prove the element of intent or common scheme or plan. *See State v. Billstrom*, 276 Minn. 174, 178, 149 N.W.2d 281, 284 (1967) ("At the time the evidence is offered, the prosecutor shall specify

4

the exception to the general exclusionary rule under which it is admissible."). The district court did not err in determining the first and second elements were satisfied.

With respect to the third element, appellant does not dispute that he participated in the prior acts. The state demonstrated by clear and convincing evidence that appellant participated in the prior crimes by introducing evidence of his prior convictions. *See State v. Blom*, 682 N.W.2d 578, 601 (Minn. 2004) (noting that defendant's conviction was clear and convincing evidence of prior incident). The third element is satisfied.

Appellant challenges the fourth element and argues that the *Spreigl* evidence was inadmissible because it was not relevant and did not bear strong enough similarities to the charged offense. The district court determined that the 2008 and 2011 incidents were relevant and material because "the whole case turns on the question of intent." Minnesota caselaw supports the district court's determination that *Spreigl* evidence may be used to demonstrate intent. *See, e.g.*, *State v. Fardan*, 773 N.W.2d 303, 317 (Minn. 2009) (affirming use of *Spreigl* evidence as relevant of intent); *State v. Berry*, 484 N.W.2d 14, 17 (Minn. 1992) (holding district court properly admitted evidence of *Spreigl* incidents to show intent); *State v. Hannuksela*, 452 N.W.2d 668, 678-79 (Minn. 1990) (holding no abuse of discretion where district court admitted *Spreigl* evidence as "particularly probative of the 'knowledge of intent'").

Under the common scheme or plan exception, a prior bad act "must have a marked similarity in modus operandi to the charged offense." *Ness,* 707 N.W.2d at 688. The district court plainly articulated why the *Spreigl* conduct was markedly similar to the charged offense, namely, that in each of the three cases police officers discovered

5

marijuana, plastic baggies, and large amounts of cash in appellant's vehicle. We agree with the district court that the 2008 and 2011 offenses share a marked similarity with the current offense and the district court did not abuse its discretion in finding that the *Spreigl* evidence was relevant and material to the charged offense.

Appellant concedes that the 2008 and 2011 offenses share "broad similarities" with the present case but argues that they were not similar enough because the amount of marijuana found in the prior offenses was greater than the amount found in 2014, and the deputy did not find multiple cell phones, scales, or a pipe in the present case. We acknowledge that crimes that are "simply" of the "same generic type" are not markedly similar. *Clark*, 738 N.W.2d at 346-47 (finding prior crime was not markedly similar to charged offense where the crimes were "relatively remote in time" and the two incidents did not show a "distinctive modus operandi"). However, "[a]bsolute similarity" between the charged offense and the *Spreigl* crime is not required. *Berry*, 484 N.W.2d at 17; *see also State v. Kennedy*, 585 N.W.2d 385, 391 (Minn. 1998) (holding that *Spreigl* evidence "need not be identical"); *Ness*, 707 N.W.2d at 688 (citing *Kennedy*, 585 N.W.2d at 391). The district court acknowledged the distinctions but concluded that there were "enough similarities" to support a relevancy-finding, and we agree. We are satisfied that the district court did not abuse its broad discretion in concluding that the *Spreigl* evidence was relevant and markedly similar to the charged offense.

Finally, appellant argues that the potential for unfair prejudice outweighed the probative value of the *Spreigl* evidence. *Spreigl* evidence is more probative than prejudicial if the testimony is admitted not to "arouse the jury's passion," but rather for the

purpose of "placing the incident . . . in [the] proper context." *Kennedy*, 585 N.W.2d at 392. Appellant claims that the evidence was unfairly prejudicial because there were two *Spreigl* witnesses and only one witness during the state's case-in-chief, and the *Spreigl* evidence was unnecessary in light of the strength of the state's case. "[C]ourts should not allow the state, when presenting *Spreigl* evidence, to present evidence that is unduly cumulative with the potential to fixate the jury on the defendant's guilt of the other crime." *Ture v. State*, 681 N.W.2d 9, 16 (Minn. 2004). Here, the district court determined that the probative value outweighed the potential for prejudice and permitted the two police officers to testify. Each police officer testified regarding a separate incident. The district court did not abuse its discretion because the evidence was not "unduly cumulative" nor did it risk "fixat[ing] the jury on the defendant's guilt." *Id.*

Moreover, the district court gave the jurors cautionary instructions regarding the proper use of the evidence prior to admitting *Spreigl* evidence. The use of cautionary instructions mitigates the danger that evidence may be misused. *State v. Diggins*, 836 N.W.2d 349, 358 (Minn. 2013). The district court advised the jurors that the evidence was offered for a "limited purpose," and could not be used to convict appellant of any offense other than the charged offense. The district court also offered a cautionary instruction before the case was submitted to the jury for deliberation. The cautionary instructions "lessened the probability of undue weight being given by the jury to the evidence." *Kennedy*, 585 N.W.2d at 392. The district court did not err in determining that the probative value of the evidence outweighed its prejudicial effect.

7

Appellant also contends that the prosecutor referred to the prior offenses during closing argument, placing "undue importance on that evidence." During closing, the prosecutor argued that: "The two Rochester police officers told you about two prior incidents. The State would suggest to you that you use those to decide what the Defendant intended. . . . What does that tell you about his intent?" The prosecutor noted that police officers found plastic baggies, marijuana, and large amounts of cash in all three instances. During appellant's closing argument, the defense attorney also addressed the previous incidents and attempted to distinguish the earlier offenses from the charged offense. "There is nothing inappropriate . . . about referring to properly admitted *Spreigl* evidence in a closing argument," provided the evidence is not used to attack the defendant's character or establish a criminal propensity. *State v. Duncan*, 608 N.W.2d 551, 555 (Minn. App. 2000), *review denied* (Minn. May 16, 2000). A review of the prosecutor's closing argument as a whole does not support appellant's argument that the state used *Spreigl* evidence to attack appellant's character or establish criminal propensity. *See id.*; *State v. Powers*, 654 N.W.2d 667, 678 (Minn. 2003) (directing that closing arguments should be considered as a whole).

Appellant argues that the admission of *Spreigl* evidence deprived him of a fair trial and that he is entitled to a new trial on that basis. Because we do not discern any error, we need not address appellant's new-trial demand.

**Affirmed.**

8