**STATE of Minnesota, Respondent,**

v.

**Dean A. RICHARDSON, Appellant.**

No. C7–84–1459.

Court of Appeals of Minnesota.

March 5, 1985.

Review Denied April 18, 1985.

**794**

Hubert H. Humphrey, III, State Atty. Gen., Michael K. Jordan, Sp. Asst. Atty. Gen., St. Paul, Arvid Wendland, Faribault County Atty., Blue Earth, for respondent.

C. Paul Jones, State Public Defender, Kathy King, Asst. Public Defender, Minneapolis, for appellant.

Considered and decided by POPOVICH, C.J., and PARKER and FOLEY, JJ., with oral argument waived.

## OPINION

FOLEY, Judge.

Appellant Dean A. Richardson was convicted of arson in the first degree, Minn.

Stat. § 609.561, and receiving stolen property, Minn.Stat. § 609.53, subd. 1(2) (1982). On appeal he contends that the trial court erred in admitting a hearsay statement as a statement against the declarant's penal interest, that the trial court improperly admitted *Spreigl* evidence, and that the evidence was insufficient to sustain his convictions. We affirm.

## FACTS

Alvin Schultz lived on his mother's farm near Wells, Minnesota. On May 24, 1982, at about 7:15 p.m. a fire was reported at Alvin Schultz's home. As a result of the fire the porch was destroyed, the kitchen was gutted, the living room was charred and the back bedroom sustained smoke damage. No one was at home at the time of the fire, but appellant admitted he was at the home earlier that evening and had taken guns that were his off the porch.

Investigators discovered after the fire was brought under control that guns were missing from Alvin Schultz's gunrack, located in the bedroom. When Alvin Schultz arrived home, he told a deputy on the scene that appellant may have been responsible for the missing guns and the fire. Investigators went to appellant's home that evening and seized several guns, tool boxes and speakers which they believed belonged to Alvin Schultz. Appellant was arrested and charged with arson and receiving stolen property, namely four of Alvin Schultz's shotguns.

At trial, the State offered evidence showing appellant was at Schultz's home shortly before the fire. In addition, two expert witnesses testified concerning the cause and origin of the fire. This testimony showed that the fire was started on the porch and was caused by an accelerant.

Alvin Schultz identified several of the guns seized from appellant's home as his. He also indicated that two tool boxes which were seized from appellant's home did not belong to him but that they were in his bedroom before the fire. He also indicated that the speakers belonged to appellant.

Over objection, the State presented *Spreigl* evidence. Jack Cottrell testified that a .44 magnum Smith and Wesson revolver which was found in appellant's home at the time of his arrest had been stolen from Cottrell's house in 1981. A Freeborn County Sheriff then testified that he interviewed Jewels LaRue in connection with the Cottrell burglary. In exchange for his cooperation, LaRue was not charged with the burglary. Because LaRue was dead at the time of appellant's trial, the deputy testified that LaRue had told him that he (LaRue) had stolen the weapon and sold it to appellant and told appellant and appellant's wife that the gun was stolen. As other *Spreigl* evidence, Greg Schulz and Donald Moffatt testified that the tools, tool box, and stereo speakers, found in appellant's home when he was arrested on May 24, 1982, were their property and had disappeared at the time of a fire at Greg Schulz's home in New Richland, Minnesota in 1980. A T.V. set later recovered from appellant's home was also claimed by Greg Schulz to be his. Greg Schulz testified the T.V. set was also stolen just before the fire destroyed his house.

Appellant and Dana Kapke testified that they had spent the better part of May 24, 1982 drinking. They denied that they were intoxicated. Appellant testified that he was at Alvin Schultz's house shortly before the fire to retrieve his own guns, which he said Alvin had told him would be on the porch. He claimed he mistakenly took a few of Alvin Schultz's guns. Both denied doing anything which caused the fire at Alvin Schultz's house.

With regard to the *Spreigl* evidence, appellant testified that he purchased the T.V. set from Alvin Schultz in 1980. He also testified that Jewels LaRue had assured him and his wife that the .44 Smith and Wesson gun taken in the 1981 Cottrell burglary was not stolen. He also testified that the tool box and tools allegedly stolen from Greg Schulz belonged to Dana Kapke and testified that speakers allegedly stolen from Greg Schulz's house were not the same speakers which appellant took from Alvin Schultz's porch.

Appellant was convicted of first degree arson and receiving stolen property worth between $300 and $1,000. He was sentenced on the arson conviction to the presumptive guidelines sentence of 65 months in prison, based on a severity level VII offense and a criminal history score of 4.

## ISSUES

1. Did the trial court commit reversible error in admitting the statement of Jewels LaRue as a statement against penal interest?

2. Did the trial court err in admitting other crime evidence concerning the presence of stolen property found in appellant's home when he was arrested?

3. Was the evidence sufficient to sustain the jury's verdict?

## ANALYSIS

### I.

The statement of Jewels LaRue was admitted into evidence by the trial court as a statement against LaRue's penal interest under Minn.R.Evid. 804(b)(3), which provides in relevant part that if the declarant (LaRue) is unavailable as a witness, his extra-judicial statement is admissible as a statement against interest if the statement "at the time of its making * * * so far tended to subject him to civil or criminal liability * * * that a reasonable man in his position would not have made the statement unless he believed it to be true." LaRue made an agreement in 1982 with the Freeborn County Sheriff's Office to cooperate in making a statement with the understanding that he would not be prosecuted for the Cottrell burglary.

In *State v. Hansen,* 312 N.W.2d 96, 101 (Minn.1981), the Minnesota Supreme Court criticized the admission of an unsigned statement made by an unavailable declarant after he had been promised a reduced charge in return for his cooperation. The court quoted first from the Advisory Committee's note on Fed.R.Evid. 804(b)(3)

(which corresponds to 'Minn.R.Evid. 804(b)(3)):

> A statement admitting guilt and implicating another person, made while in custody, may well be motivated by a desire to curry favor with the authorities and hence fail to qualify as against interest.

The court then said:

> Following this reasoning, a number of courts have held that statements made under assurances of reduced charges or after a grant of immunity are not statements against a declarant's penal interest.

*See, e.g., United States v. Love*, 592 F.2d 1022 (8th Cir.1979); *United States v. Bailey*, 581 F.2d 341 (3d Cir.1978); *United States v. Gonzalez*, 559 F.2d 1271 (5th Cir. 1977); *People v. Dortch*, 84 Mich.App. 184, 269 N.W.2d 541 (1978).

 The *Love* case, cited with approval in *Hansen*, stated that the penal interest exception "must be limited at least to statements admitting a particular crime for which prosecution is possible at the time." *Love*, 592 F.2d at 125, quoting *United States v. Dovico*, 380 F.2d 325, 327 (2d Cir.), cert. denied, 389 U.S. 944, 88 S.Ct. 308, 19 L.Ed.2d 302 (1967). We conclude that the statement of Jewels LaRue was not a statement against his penal interest because at the time he made the statement prosecution was not possible.

While the statement was not properly admissible as a declaration against penal interest, we do not think its admission was reversible error. The evidence was used with regard to a *Spreigl* incident and not as direct evidence on the charged offenses. The trial court instructed the jury that appellant was not to be tried for crimes relating to the Cottrell theft and that the jury was not to convict appellant on the basis of this occurrence. LaRue's statement was arguably cumulative since there was *Spreigl* testimony on other stolen property possessed by appellant at the time he was arrested through testimony of Greg Schulz and Donald Moffat. Even without the evidence of the LaRue statement, the case against appellant was not significantly less persuasive than it was with the evidence, because LaRue's statement was not that crucial to the case.

Appellant argues that the statement also constituted a denial of his Sixth Amendment right to confrontation. Assuming that the evidence of LaRue's statement was such a denial, it was harmless error. Denial of the right of confrontation is harmless when it is harmless beyond a reasonable doubt. *State v. Olson*, 291 N.W.2d 203, 206 (Minn.1980). The remaining evidence must be overwhelmingly persuasive of defendant's guilt. *Id.; See Hansen*, 312 N.W.2d at 105. The evidence was not used as direct evidence of the charged offenses but was used with regard to a *Spreigl* incident. As we stated earlier, this evidence was arguably cumulative and was not crucial to the case.

## II.

Appellant challenges the trial court's decision to allow the jury to hear evidence regarding the property found in his home which had disappeared from the Greg Schulz home after a fire in 1980. We recently stated the general principles of this type of evidence in *State v. Hagen*, 361 N.W.2d 407 (Minn.Ct.App.1985).

> Generally evidence of prior misconduct is inadmissible. However, prior misconduct is admissible if it tends to establish motive, intent, the identity of the accused, and/or a common scheme or plan embracing the commission of similar crimes so related to each other that proof of one or more of such tends to establish the accusation. *State v. Clark*, 296 N.W.2d 359, 368 (Minn.1980) quoting *State v. Sweeney*, 180 Minn. 450, 455, 231 N.W. 225, 227 (1930).

> In determining whether to admit this type of evidence, also known as *Spreigl* evidence, a court must consider:

> whether the evidence is clear and convincing that defendant participated in the *Spreigl* evidence, whether the *Spreigl* evidence is relevant and material to the state's case, and whether the potential of the *Spreigl* evidence for unfair prejudice

substantially outweighs its probative value.

*State v. Morrison,* 310 N.W.2d 135, 137 (Minn.1981); *see also State v. Billstrom,* 276 Minn. 174, 149 N.W.2d 281 (1967).

Appellant asserts the evidence was improperly used to show that he had a propensity for dealing in stolen property, *State v. Langley,* 354 N.W.2d 389 (Minn. 1984), and that the clear reference from the evidence is that appellant takes property and then sets fires.

■ 1. The argument that the evidence was misused when the prosecutor stated "it does appear that Mr. Richardson was accustomed to dealing in stolen property" is without merit. The *Spreigl* evidence was offered to show common scheme or plan and knowledge on appellant's part and was so argued by the prosecutor in closing argument. The prosecutor was clearly entitled to relate the crime charged and the *Spreigl* evidence in terms of time, location or modus operandi. *State v. Stagg,* 342 N.W.2d 124, 127 (Minn.1984). Appellant's arguments represent a tortured reading of the prosecutor's remarks which we do not adopt.

■ 2. Appellant also argues the evidence of events surrounding the disappearance of the items in the 1980 Greg Schulz fire was more prejudicial than probative because the jury may have speculated that appellant also started that fire. We cannot accept appellant's argument, because it assumes a number of things: 1) the jury ignored the trial court's instructions not to convict appellant based on the *Spreigl* evidence; 2) the jury drew an inference not argued by the State; and 3) the jury convicted appellant based on this speculation. The State had to offer all the relevant evidence surrounding the *Spreigl* incident and this necessarily included the evidence that several items disappeared from Greg Schulz's home shortly before the fire. The trial court did not abuse its discretion in admitting the *Spreigl* evidence. *State v. Kutchara,* 350 N.W.2d 924 (Minn.1984); *State v. Fischer,* 354 N.W.2d 29 (Minn.Ct. App.1984).

## III.

 Appellant argues the evidence was insufficient to sustain his convictions. Viewing the evidence in the light most favorable to the verdict, as we must, there is no merit to appellant's contentions. *State v. Merrill,* 274 N.W.2d 99 (Minn.1978).

## DECISION

Appellant's convictions for arson in the first degree and receiving stolen property are affirmed.

Affirmed.