STATE of Minnesota, Respondent,

v.

**Allen Oscar MUNSON, Appellant.**

No. C6–85–880.

Court of Appeals of Minnesota.

Jan. 21, 1986.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Clair F. Cole, Asst. Chisago Co. Atty., Center City, for respondent.

Barry L. Blomquist, North Branch, for appellant.

Considered and decided by WOZNIAK, P.J., and FORSBERG and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

NIERENGARTEN, Judge.

Appellant Allen Munson was convicted by a jury of driving while under the influence, Minn.Stat. § 169.121, subd. 1(a) (1984) and driving with an alcohol concentration of .10 or over, Minn.Stat. § 169.121, subd. 1(d) (1984). On appeal he contends that the evidence was insufficient to sustain his conviction and that the trial court erred in admitting hearsay statements in violation of his right to confrontation. We affirm.

## FACTS

Around midnight on August 13, 1984, Chisago County Deputy Sheriff Douglas Sampson received a report of an accident on County Road 10. As he proceeded to the scene, he observed Munson walking down the middle of the road, staggering from side to side. When asked if he was involved in an accident, Munson said "No, there is no accident, I drove my truck in the ditch." He indicated no one was hurt and that the "Girl that was with me told me to turn into this driveway and I drove my truck in the ditch." They went to the scene where a truck was found in the ditch. Sampson testified that Munson's speech was very slurred and profane and that he had a strong odor of alcohol.

Sampson left Munson with Deputy Sheriff James Donahue and about a quarter of a mile west of the scene, observed three or four people gathered around a young lady

lying on the road. She identified herself as Judy Grover. Sampson asked her what happened and at trial over a hearsay objection, Sampson testified that Grover told him she had been a passenger in Munson's vehicle, had been at his residence, and was getting a ride home. She told Sampson that Munson agreed to give her a ride home, that he had gone in the ditch and she was attempting to walk home. Grover also told Sampson there was a third person in the truck, but she refused to name the person. Grover was not called as a witness and did not testify although she was listed as a possible state's witness before trial.

While Sampson went to assist Grover, Officer Donahue talked with Munson and had him perform several field sobriety tests. Munson failed all the tests and was arrested on DWI charges. When asked, Munson did not know the name of the third person who was with him and Grover in the vehicle. Munson was taken to a jail where a subsequent breath test revealed he had a blood alcohol concentration of .26. Following the test, Munson was asked several questions from an alcoholic influence report. The questions and responses were as follows:

"Were you driving or operating a motor vehicle?" "Sure, the Hell was."

"What type of vehicle were you operating?" "My '70 Ford three-quarter truck."

"Are you under a Doctor or Dentist's care?" "Doctor, yes, VA."

"If so, what is your Doctor or Dentist's name?" "Doctor Hiler and Moss."

"Are you taking any medication?" "You damn right."

"What kind?" "For back."

"Date last taken?" "8/13/84, 12:30 p.m."

"How many did you take?" "Four times a day."

"Do you have diabetes?" "No."

"Do you have any physical disability?" "Not a damn one."

"Do you have any speech difficulty?" "You God damn right."

"Describe your difficulty?" "When I get mad."

"Have you been in an accident?" "Hell, no."

"Did you get a bump on the head or any other injury?" "No."

"What time is it?" "Twenty to one."

"Where are you now?" "Two miles from home."

"Have you been drinking?" "Yes."

"What did you drink?" "Beer."

"Where were you drinking?" "No place."

"When did you have your first drink?" "Five or six o'clock."

"When did you have your last drink?" "About three hours ago."

"How many drinks?" "Six or seven."

"Have you had anything to drink since the accident or arrest?" "Hell, no."

"Do you feel the effects, do you feel the effects of what you have had to drink?" "You damn right."

"Do you feel that what you have had to drink has affected your ability to drive?" "Not a God damn bit."

Munson was beligerent in response to other questions and his speech was confusing, at times not understandable. He was also abusive. The officer who performed the breathalyzer test testified he was with Munson for 1 to 1½ hours and Munson never indicated someone else drove the truck.

At trial Munson called William Lee House in his behalf. House testified that he was home in bed and was interrupted by knocking on his door. Munson and Grover were both drunk and they wanted House to drive Munson home in Munson's truck. House knew who the two were because Grover lived in the same motel as he did. House claimed Munson and Grover were loud and abusive and that after Munson hollered that he left a carton of cigarettes at Grover's place, House tried turning around, but drove the truck into a ditch. Munson and Grover then cursed him and House left because he could not tolerate the verbal abuse. He flagged down a car and went home.

Munson argued that he was not the driver of the truck, but he was convicted of driving while under the influence and driving with an alcohol concentration of .10 or more. In this appeal, the State filed no brief and we proceeded under Minn.R.Civ. App.P. 142.03.

## ISSUES

1. Was admission of Grover's statement in violation of the hearsay rules and of defendant's right of confrontation under the sixth amendment?

2. Was the evidence sufficient to sustain appellant's convictions?

## ANALYSIS

Grover's out-of-court statements to Officer Sampson were hearsay under Minn.R.Evid. 801. Her statements were used at trial to prove the truth of the matter asserted, i.e. that Munson was the driver. There is nothing in the record indicating why she was not called as a witness. We cannot assume she was an unavailable witness under Minn.R.Evid. 804(a). There is no recognized hearsay exception under Minn.R.Evid. 803 which would allow her statements to be admissible at Munson's trial.

Further, Munson's confrontation rights were violated by admission of the statements. *State v. Hansen,* 312 N.W.2d 96, 102–03 (Minn.1981). There was no showing of necessity, as there is nothing in the record indicating that Grover was unavailable. *Id.* at 102. In addition, there is no demonstration that Grover's statements bear a sufficient indicia of reliability. The statements were unsworn, ex parte statements to a police officer made by a person who was possibly intoxicated and was recently involved in an accident and was in need of some assistance. *Id.* at 102–03. Munson was never given the opportunity to cross-examine Grover about her statements.

Nevertheless, admission of Grover's statements was harmless error. The evidence as a whole is overwhelmingly persuasive of Munson's guilt. *Id.* at 105; *State v. Richardson,* 363 N.W.2d 793, 796 (Minn.Ct.App.1985), *pet. for rev. denied,* (Minn. April 18, 1985). Munson made numerous statements at the time clearly indicating he drove his truck into the ditch. The evidence confirmed Munson's truck was in the ditch. Munson himself concedes in his brief that his self-incriminating statement "might suffice to prove the State's allegation." Munson suggests that his statement was inherently unreliable because he was too intoxicated. However, Munson's statements that evening, both to Officer Sampson and to Officer Donahue, rebut his argument that he was too drunk to answer a simple question. Munson's responses show he was drunk but he knew what was going on. His own statements are overwhelming evidence of his guilt and we decline to reverse and remand for new trial.

Munson's sufficiency of evidence argument is without merit. He argued the facts to the jury; his attempts at retrying the facts on this appeal are to no avail.

## DECISION

Statements by an accident victim to the police officer were inadmissible hearsay and its admission was in violation of Munson's confrontation rights. However, in light of his incriminating statements which are overwhelming evidence of guilt, the error was harmless. Also, the evidence was sufficient to sustain Munson's conviction.

Affirmed.